IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-93-BO

BURL ANDERSON HOWELL and ALICE )
ANNETTE HOWELL, )
)
Plaintiffs, )
)
v. ) ORDER
)
GEORGE A. WOOD, County Manager for )
the Wayne County NC Department of Social )
Services (WCNCDSS) in his managerial )
capacity for injunctive relief; RESEE )
PHELPS, individually and in her official )
capacity as Income Maintenance Supervisor )
of the Wayne County Department of Social )
Services; LOU JONES, individually; )
EDWARD FELTMAN, individually; )
MANDY COHEN, in her official capacity as )
Secretary of the North Carolina Department )
of Health and Human Services, )
)
Defendants. )

This cause comes before the Court on several pending motions, including motions by defendants to dismiss, plaintiffs' motion for entry of default, and plaintiffs' motion for appointment of counsel. The matters have been fully briefed and are ripe for ruling.

BACKGROUND

Plaintiffs, Burl and Alice Howell, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 challenging their treatment by defendants regarding claims for payment under North Carolina's Medicaid program. Plaintiffs contend that their constitutional rights were violated when defendants, by attempting to use the North Carolina Administrative Code, delayed retroactive corrective payments to plaintiffs. The following procedural history of plaintiffs'

dealings with the North Carolina Medicaid program is provided in the twelve exhibits attached to and referenced by plaintiffs' complaint.[1]

Plaintiffs began receiving Medicaid in the form of Medicaid Qualifying Individuals payment of Medicaid Part B premiums (MQB-E benefits), on April 11, 2011, after a joint application to the Wayne County, North Carolina Department of Health and Human Services. [DE 7-1]. Effective January 31, 2015, the Wayne County Department of Social Services terminated Burl Howell's MQB-E benefits due to his income exceeding the applicable monthly limits and an indication that he was unable to meet an ongoing six month deductible. [DE 7-10 ¶ 1]; [DE 7-3 at 8]. Burl Howell filed a local appeal of this decision, which was heard on January 8, 2015 and which affirmed the decision to terminate MQB-E benefits the same day. [DE 7-10 ¶ 3]; [DE 7-3 at 8]. Burl Howell then appealed that decision to the North Carolina Department of Health and Human Services (DHHS), and State Hearing Officer Feltman conducted a hearing at the Wayne County Department of Social Services (DSS) on March 3, 2015. On March 16, 2015, State Hearing Officer Feltman affirmed the Wayne County decision to terminate Mr. Howell's MQB-E benefits. [DE 7-3 at 8-15]. Specifically, it was determined that Burl Howell and his wife were receiving $1,931.94 per month in unearned income, which was comprised of Social Security Administration benefits and Department of Veterans Affairs (VA) benefits. [DE 7-3 at 8]. It was further determined that Howell's VA benefits would not be considered as Aid & Attendance, that the monthly income received by the Howells was in excess of the allowable amount of $1,770 per month for two people, and that there was no evidence indicating the Burl Howell's six month deductible could be met. [DE 7-3 at 14]. The order entered by State

---

[1] *See* Fed. R. Civ. P. 10(c); *Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (court may consider attachments to complaint without converting a Rule 12 motion to one under Rule 56).

Hearing Officer Feltman provided notice to Mr. Howell of the procedure for seeking review of the decision, including by presenting written and oral argument to the Chief Hearing Officer or by appealing a final decision to the appropriate superior court in accordance with N.C. Gen. Stat. § 108A-79(k) within thirty days. *Id.* at 14-15.

Burl Howell then filed a petition for a contested case hearing with the North Carolina Office of Administrative Hearings, naming as respondents Resee Phelps, Income Maintenance Supervisor, and Lou Jones, Caseworker. [7-10 ¶ 6]. On February 9, 2017, an Administrative Law Judge with the Office of Administrative Hearings dismissed Burl Howell's petition for a contested case hearing for lack of jurisdiction, noting that an appeal of a DHHS decision must be taken in the superior court of the county from which the case arose, and citing N.C. Gen. Stat. 108A-79(k). *Id.* ¶ 9-16. Plaintiff Alice Howell's MQB-E was reinstated on December 1, 2015 and plaintiff Burl Howell's MQB-E was reinstated on June 1, 2016. [DE 7-12]. The order notified Mr. Howell that an appeal of that decision must be filed in the superior court of the county where the individual aggrieved resides or where the contested case which resulted in the final decision was filed, citing N.C. Gen. Stat. § 150B-45. An appeal must be filed within thirty days.

On February 21, 2017, plaintiffs filed a motion to proceed *in forma paueris* in this Court, which was granted by order entered June 2, 2017. In the instant complaint, plaintiffs allege that their MQB-E benefits were wrongfully terminated by defendant Jones for lack of training, supervision, and control by defendant Phelps, and wrongly affirmed by defendant Feltman for lack of training, supervision and control by defendant Cohen. Plaintiffs contend that they have been denied a right granted to them by the VA, which was known to Feltman, which included an entitlement to a special monthly pension based on a need for aid and attendance established

3

December 12, 2012. [DE 7-4]. Plaintiffs complain that their subpoena issued to Feltman to testify at the contested case hearing was improperly quashed, that the motion to quash was filed without first raising the defense of lack of jurisdiction under Rule 12(b), and further that the Administrative Law Judge decision to stay plaintiffs' hearing which was scheduled for December 1, 2015, was unauthorized and violated plaintiffs' due process rights.

Plaintiffs seek an order enjoining defendants and ordering them to release monies improperly withheld by the County Manager for Medicaid Part B services. Plaintiffs also seek an order directing the County Manager to pay withheld monies for the out-of-pocket expenditures of Alice Howell for Medicaid Part B services to the date of termination. Finally, plaintiffs seek damages for liability for an unconstitutional official policy, 10A NCAC .0203, as well as punitive damages.

Defendants Feltman, Hearing Officer of the Hearings and Appeals Section of the North Carolina DHHS and Cohen, Secretary of the North Carolina DHHS (DHHS defendants), have moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Defendants Wood, Phelps, and Jones of the Wayne County Department of Social Services (Wayne County defendants), have moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim. Plaintiffs have moved for entry of judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and for entry of default pursuant to Fed. R. Civ. P. 55. Plaintiffs have also moved for vacatur of the Court's order extending time for defendants to respond and for certification of interlocutory appeal, as well as for appointment of counsel.

## DISCUSSION

I.  Motion to appoint counsel.

Plaintiffs seek appointment of counsel to assist them in prosecuting this case. The Court has detailed the submission of this case to its Pro Bono Panel in a prior order [DE 38], which provided that counsel is not appointed under this Court's Pro Bono Program. Further, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . .." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. United States Dist. Court for the S. Dist. of Ia.*, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation and citation omitted). Further, as a threshold matter, it is not proper to appoint counsel unless the plaintiff's case appears likely to be one of substance. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The Court does not find exceptional circumstances are present here, and for the reasons discussed below, does not find plaintiffs' case to be one of substance. Plaintiffs' motion for appointment of counsel [DE 39] is DENIED. Plaintiffs' request for certification of interlocutory appeal of this issue under 28 U.S.C. § 1292(b) is also denied. *See* 28 U.S.C. § 1292(b); *State v. N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995); *see also Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (even if requirements of § 1292(b) are satisfied, the district court has "unfettered discretion" to decline to certify an interlocutory appeal if exceptional circumstances are absent).[2]

---

[2] Plaintiffs' request to file an interlocutory appeal is also MOOT as final judgment will be entered upon the filing of this order.

5

II.  Motions for entry of default, vacatur, and request for authorization to file an interlocutory appeal.

Rule 55(a) of the Federal Rules of Civil Procedure provides that where a party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter default against that party. Fed. R. Civ. P. 55(a). Plaintiffs seek entry of default and default judgment as to the Wayne County defendants. The docket reflects that service on the Wayne County defendants was effected on June 15, 2017. [DE 13, 14, 15]. After the time for filing an answer expired, the Wayne County defendants, through counsel, moved for an extension of time to respond to plaintiffs' complaint. [DE 30]. That motion was granted by order entered September 9, 2017, allowing the Wayne County defendants until September 29, 2017, to respond to plaintiffs' complaint. [DE 31]. On September 18, 2017, plaintiffs moved in response to the Wayne County defendants' motion for extension of time and sought vacatur of the Court's September 9, 2017, order, requesting an interlocutory appeal of the issue. The Wayne County defendants filed a motion to dismiss on September 29, 2017.

The Court having previously allowed the Wayne County defendants an extension of time to respond to the complaint, and such defendants having filed a motion to dismiss within the time allowed, entry of default is not appropriate. Moreover, construing plaintiffs' motion for vacatur as a motion for reconsideration of the decision to extend the time to respond, the Court declines to enter default against the Wayne County defendants as the factors which would support setting aside the default are also present. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); Fed. R. Civ. P. 55(c). The courts of appeals have "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad.*, 616 F.3d at

6

417. Counsel for the Wayne County defendants contends that he did not receive notice of this action until after the time for filing an answer or other responsive pleading had expired, and he moved promptly to secure an extension of time to respond thereafter. The Court finds that defendants have acted with reasonable promptness, there is no history of dilatory action, and while a defendant is personally responsible for failing to take timely action, counsel for defendant has appeared and moved for leave to file an answer out of time. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). In light of the foregoing factors and the strong preference for resolution of disputes on the merits, entry of default is not warranted here. The Court, in its discretion, declines to certify an interlocutory appeal of this issue. *State v. N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995); *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012).

Plaintiffs' motion for entry of default [DE 24] and motion to vacate order [DE 32] are DENIED.


III.     Motion to dismiss by NC DHHS defendants.

Defendants Feltman and Cohen have moved to dismiss under Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768

7

(4th Cir. 1991). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. However, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

The Eleventh Amendment and the doctrine of sovereign immunity bar plaintiffs' claims against Cohen and Feltman for money damages. "The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). State officials sued in their official capacity for

damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Although plaintiffs have named defendant Feltman in his individual capacity, plaintiffs in their complaint seek as damages funds which would be disbursed from the state treasury in the form of monies improperly withheld by Wayne County for Medicaid Part B services; such a claim for damages is more properly construed as against Feltman in his official capacity as plaintiffs do not seek damages which would be paid by Feltman personally. *See, e.g. Meyer v. Walls*, 347 N.C. 97, 110 (1997) (citation omitted) (damages sought from the government are official capacity claims).

At bottom, plaintiffs challenge the termination of their MQB-E benefits. The North Carolina Administrative Procedures Act, N.C. Gen. Stat. § 150B-1, *et seq.*, and N.C. Gen. Stat. § 108A-79, provide the procedure for appealing decisions related to the provision of Medicaid benefits. Plaintiffs took advantage of the appropriate appeals process through Burl Howell's appeal to the DHHS, where defendant Feltman conducted a *de novo* hearing and affirmed the DSS decision to terminate Medicaid benefits. [DE 7-3 at 14-15]. As provided in defendant Feltman's order, the final DHHS decision could have been appealed to the appropriate superior court in accordance with N.C. Gen. Stat. § 108A-79(k). However, instead of filing an appeal in superior court, Burl Howell initiated a petition for contested case hearing in the North Carolina Office of Administrative Hearings.

"[I]n order to seek judicial review of an adverse administrative decision, a party must show: (1) the party is an aggrieved party; (2) there is a contested case; (3) there has been a final agency decision; (4) all administrative remedies have been exhausted; and (5) no other adequate procedure for judicial review is provided by another statute." *Shell Island Homeowners Ass'n,*

*Inc. v. Tomlinson*, 134 N.C. App. 217, 221 (1999). A court lacks subject matter jurisdiction where the plaintiff has failed to exhaust his administrative remedies. *Id.* at 220.

Here, there is plainly other adequate procedure for judicial review, and plaintiffs have not sufficiently alleged that their administrative remedies have been exhausted. Nor have plaintiffs demonstrated that an exception to the exhaustion requirement applies. *See, e.g., Huang v. N. Carolina State Univ.*, 107 N.C. App. 710, 715 (1992) (exhaustion not required when agency remedies shown to be inadequate). Rather, as the Fourth Circuit has held in a case which considered whether *Younger* abstention was appropriate, "a defendant to a coercive state administrative proceeding must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively 'to annul the results' of a state administrative body." *Moore v. City of Asheville, N.C.*, 396 F.3d 385, 388 (4th Cir. 2005). Thus, the Court holds that it lacks subject matter jurisdiction to consider plaintiffs' underlying claim for MQB-E benefits.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation by agents of the state of a right granted either by the Constitution or by federal statute." *Ritter v. Cecil Cty. Office of Hous. & Cmty. Dev.*, 33 F.3d 323, 327 n.3 (4th Cir. 1994). Insofar as plaintiffs bring a claim challenging administrative regulations, specifically 10A NCAC .0203, plaintiffs have failed to state a claim under § 1983. *Id.* Plaintiffs also appear to allege claims for due process violations arising out of a motion to quash subpoena issued to defendant Feltman. In their complaint, plaintiffs make reference to an individual named Wood violating their due process rights. The motion to quash subpoena, which plaintiffs attached to their complaint, [DE 7-3], was filed by Special Deputy Attorney General Michael T. Wood; Michael T. Wood has not been named as a defendant in this action and plaintiffs have failed to sufficiently allege how Mr.

10

Wood's filing of a motion to quash violated their rights to procedural or substantive due process. Mr. Wood would further be shielded by absolute immunity for his actions taken as an advocate for the state in a civil proceeding. *See Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976); *Butz v. Economou*, 438 U.S. 478, 515 (1978); *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) ("state assistant attorney general's function as a government advocate entitles him or her to absolute immunity from suit for damages.").

Accordingly, the Court lacks subject matter jurisdiction to consider plaintiffs' claims against the DHHS defendants and plaintiffs have further failed to state a claim upon which relief may be granted. The DHHS defendants' motion to dismiss [DE 19] is GRANTED. Plaintiffs' motion for judgment on the pleadings proffered in response to the motion to dismiss [DE 22] is DENIED as the pleadings stage has not closed and plaintiffs have not demonstrated that they are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(c) (motion for judgment on the pleadings under Rule 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage); *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

IV. Motion to dismiss in lieu of answer by Wayne County defendants.

The Wayne County defendants, defendants Wood, Phelps, and Jones, have moved to dismiss pursuant to Rule 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.

As discussed above, plaintiffs' have failed to allege that they have exhausted the appropriate administrative procedures regarding their claims which seek review of the termination of Medicaid benefits, and the Court lacks subject matter jurisdiction to consider them. Plaintiffs have further failed to state a plausible due process claim against the Wayne County defendants.

> To establish a violation of procedural due process, plaintiffs must show that (1) they had property or a property interest (2) of which the defendant deprived them (3) without due process of law. To establish a violation of substantive due process, plaintiffs must "demonstrate (1) that they had property or a property interest; (2) that the state deprived them of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental authority that no process could cure the deficiency."

*Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005) (citing *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 826, 827 (4th Cir.1995)). In the context of Medicaid benefits, the Supreme Court has held that "[t]he Government cannot withdraw these direct [Medicaid] benefits without giving the patients notice and an opportunity for a hearing on the issue of their eligibility for benefits." *O'Bannon v. Town Court Nursing Ctr.*, 447 U.S. 773, 786–87 (1980).

Here, however, plaintiffs have failed to allege that the state administrative procedures provided by N.C. Gen. Stat. §108A-79, which provides for multiple levels of review, fails to afford adequate notice and opportunity for hearing. Nor have plaintiffs alleged that these procedures were not applied to their Medicaid claims, and the attachments to the complaint support that plaintiffs took advantage of the appropriate procedures up to and until Burl Howell's filing of a contested case with the Office of Administrative Hearings. Although plaintiffs contend that the absence of representation by counsel in front of the DSS, the DHHS, and the Office of Administrative Hearings prevented them from arguing that defendants had exceeded the limits of federal law, N.C. Gen. Stat. §108A-79 does not provide that an attorney will be appointed to Medicaid claimants seeking an appeal, but rather provides that a Medicaid claimant may be represented by counsel. Plaintiffs are plainly dissatisfied with the state's ruling that Burl Howell's monthly VA payment would not be considered aid and assistance under the Medicaid regulations, but they have failed to plausibly allege any deficit in the process afforded to them

under the state's rules. Plaintiffs have further failed to allege any state action so far beyond the limits of legitimate governmental authority that no amount of process could cure it, and have thus failed to state a substantive due process claim.

Defendant Jones has also raised the defense of qualified immunity. The privilege of qualified immunity protects government officials from liability so long as they could reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts apply a two-step procedure for determining whether qualified immunity is appropriate which asks first whether a constitutional violation occurred and second whether the right violated was clearly established at the time of the conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are permitted to exercise their discretion, however, in regard to which of the two prongs should be addressed first in light of the facts and circumstances of the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As discussed above, plaintiffs have failed to sufficiently allege that a constitutional violation occurred. Accordingly, defendant Jones would alternatively be entitled to qualified immunity for her actions related to plaintiffs' MQB-E benefits. Additionally, in the absence of a sufficiently alleged constitutional violation by Jones, plaintiffs' claim for supervisory liability against defendant Phelps also fails. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (citation omitted) (to demonstrate § 1983 claim against supervisory employee, plaintiff "must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and 'an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'").

Finally, plaintiffs have alleged claims against defendants Wood and Phelps in their official capacities, which are properly construed as claims against Wayne County. *See Kentucky*

13

*v. Graham*, 473 U.S. 159, 165 (1985). In order to hold a municipality liable for a violation of a person's constitutional rights, a plaintiff must demonstrate that the municipality was aware of the constitutional violation and either "participated in, or otherwise condoned, it." *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Municipal liability only results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell* 436 U.S. at 694. Liability exists only when the municipality and its officials take action under an official policy that violates another individual's constitutional rights, and "[t]he challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *Carter*, 164 F.3d at 218.

Plaintiffs have failed to sufficiently allege that the termination of their benefits was made pursuant to a policy or custom of Wayne County, and have failed to state a plausible claim for relief against defendants Wood and Phelps in their official capacities. Moreover, as the Court has determined that no constitutional violation has been alleged, there is no injury to implicate the county's policies and procedures. *See Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) (no municipal liability under § 1983 where there is no constitutional violation).

Accordingly, the motion to dismiss by the County defendants [DE 34] is GRANTED. For the reasons discussed above, plaintiffs' motion in reply [DE 37] is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 19 & 34] are GRANTED. Plaintiffs' motion to appoint counsel [DE 39], plaintiffs' motion for entry of default [DE 24], and plaintiffs' motion for judgment on the pleadings [DE 22] are DENIED. Plaintiffs' motions in

response and reply [DE 32 & 37] are DENIED. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 14 day of March, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE